IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANNE KLEINER LEVIN,** : | |
| a/l/g/o Joy Barbara, Individually and : | |
| on Behalf of All Others Similarly Situated**.** : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civ. No. 18-738 |
| : | |
| **POLLIN/MILLER HOSPITALITY** : | |
| **STRATEGIES, INC.,** : | |
| **Defendant.** : | |

## O R D E R

On February 20, 2018, Plaintiff Joanne Levin brought this putative ADA class action against Pollin/Miller Hospitality Strategies, Inc. (Doc. No. 1.) I will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

Defendant owns and operates hotels throughout the United States, two of which are located in this District. (Compl. ¶ 14, Doc. No. 1.) As alleged, seventeen of these hotels provide shuttle service to its customers. (Id. at ¶¶ 15, 19.) Plaintiff alleges that when she telephoned the Crowne Plaza, Defendant's hotel in King of Prussia, an employee stated that the shuttle service is not wheelchair accessible and that Defendant would not provide alternative transportation service. (Id. at ¶¶ 16–17.) Through "[a]n investigation performed on Plaintiff's behalf," Plaintiff learned that Defendant does not provide wheelchair accessible services at any of its seventeen hotels. Plaintiff alleges that this violates the ADA.

Plaintiff's daughter is confined to a wheelchair. (Id. at ¶ 10.) On this basis alone, Plaintiff seeks to represent—as a "tester" plaintiff—the following class:

> All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels.

(Id. at ¶ 21.)  Although Plaintiff has not alleged that she or her daughter intends to stay at any of Defendant's hotels, Plaintiff nonetheless alleges that she "has been, and in the absence of an injunction will be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities."  (Id. at ¶ 20.)

To establish standing, a plaintiff must allege an injury-in-fact.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  "But the 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured."  Sierra Club v. Morton, 405 U.S. 727, 734–35 (1972).  Where a plaintiff seeks to proceed as a "tester," courts still require the tester plaintiff to suffer an injury.  See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363, 373 (1982) (tester plaintiff had standing under Fair Housing Act where "Congress has . . . conferred on all 'persons' a legal right to truthful information about available housing").

Some courts outside this Circuit have held that "under the ADA, once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury."  See, e.g., Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1136–37 (9th Cir. 2002).  Because, as alleged, neither Plaintiff or her daughter ever intended to stay at any of Defendant's hotels, or intends to stay at Defendant's hotels in the future, however, they cannot show that they:  (1) are "peron[s] who [are] being subjected to discrimination;" or (2) have been "deterred from visiting or patronizing [any] accommodation."  42 U.S.C. § 12188(a); Pickern, 1136–37; see also Civil Rights Education and Enforcement Center v. Hospitality Properties Trust, 867 F.3d 1093, 1099 (9th Cir. 2017) ("The Named Plaintiffs have alleged . . . that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels'

noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured. . . . Without such averments, they would lack standing."); D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008) ("In order to show the actual and imminent nature of her injury, then, D'Lil must demonstrate her intent to return to the Santa Barbara area and, upon her return, her desire to stay at the Best Western Encina if it is made accessible.").

Plaintiff thus has not suffered an injury-in-fact. Accordingly, I will dismiss the Complaint without prejudice.

**AND NOW**, this 18th day of June, 2018, it is hereby **ORDERED** that Plaintiff's Complaint (Doc. No.1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's Counsel shall **FILE** an Amended Complaint <u>**no later than**</u> **3:00 p.m.** on **June 28, 2018**.

It is **FURTHER ORDERED** that the **CLERK OF COURT** shall **CLOSE** this case.

                 **AND IT IS SO ORDERED.**

                 */s/ Paul S. Diamond*
                 _____
                 Paul S. Diamond, J.